## CHARBONEAU vs. HENNI and others.

*Pleading.— Parties.— Principal and agent.— Misjoinder of causes of action.*

1. A complaint upon a contract entered into with certain defendants, alleges that they acted as a committee of, and authorized agents for, a church, and that the latter was "a regularly organized religious' society, viz.: an ecclesiastical corporation." *Held,* that the church should have been made a defendant.
2. Agents who enter into a contract within the scope of their authority, bind their principals, and not themselves.
3. *All* the facts alleged must be considered in determining whether a cause of action is shown against defendants; and averments showing that they acted as agents and bound their principal, cannot be omitted, to sustain the pleading.
4. A complaint for defendants' refusal to pay for labor and materials furnished under a building contract, states that monthly estimates were to be made, and a certain per cent. paid thereon, and that plaintiff "has done and performed all the conditions and things on his part to be done and performed under said contract," but does not state expressly that such estimates were made or waived. *Quære,* whether a cause of action is shown.
5. A complaint sought a judgment for damages against A., B. and C., the enforcement of a mechanic's lien for the amount of such damages against property of which the legal title was in C., and a judgment that C. convey said property to A. *Quære,* whether there was not a misjoinder of causes of action.

APPEAL from the Circuit Court for *Jefferson* County.

Action to enforce a mechanic's lien, etc. The complaint avers, 1. That plaintiff is an architect and contractor. 2. That the defendant *Henni* is bishop of the Roman Catholic church in and for the diocese of the state of Wisconsin. 3. "That St. John's church is now, and was for a long time prior to September 25, 1865, a regularly organized religious church or society, viz., an ecclesiastical corporation, situate in the village of Jefferson, county aforesaid, and managed in accordance with the usual, established and customary rules, laws and regulations of the Roman Catholic church, under the direction of said defendant *Henni,* bishop, etc."

4. That, for the purpose of erecting a church edifice for said St. John's church, the defendants *Jansen, Jung* and five others were duly chosen, under the direction of the aforesaid bishop, by the said church, a building committee, to act as agents for said bishop and St. John's church, as well as for the Roman Catholic church of said diocese, and were, as such committee, on the 25th of September aforesaid, agents of said bishop and church, and were duly qualified as such committee and agents, under the customs, rules, regulations and by-laws of the Roman Catholic church, and under the instruction and direction by them received from said *Henni,* bishop, etc., "and had full power and authority as agents, as aforesaid, to bind said bishop and St. John's church, and the Roman Catholic church of said diocese; and said committee, with said bishop, were an ecclesiastical corporation and body politic and corporate, with full power to bind said bishop and St. John's church, and, through said bishop, the Roman Catholic church" of said diocese. 5. That on said 25th of September, 1865, plaintiff and defendants entered into a contract in writing, whereby plaintiff agreed to build a church building in said village, in accordance with a certain plan and specifications, on certain land, being less than one-fourth of an acre. 6. That in consideration of plaintiff's erecting such building, defendants agreed to pay him $3,700. 7. That by said contract defendants further agreed to pay plaintiff upon monthly estimates for all materials furnished, and work done, as the work progressed, reserving twenty-five per cent as security for plaintiff's performance on his part. 8. That, pursuant to said contract, plaintiff, on said 25th of September, commenced the construction of said building, and erected the walls, put on the roof, and inclosed the same, etc., "and continued to construct said church building until defendants neglected and refused to perform their part of the agreement, and until they neglected and refused to pay the amount requisite upon

monthly estimates as agreed, and defendants so completely failed that plaintiff could not go on with the construction in accordance with said contract;" and that, in consequence of defendants' said neglect and refusal, plaintiff was obliged to quit work upon said building, etc. 9. That plaintiff had done work and furnished materials to said building to the value of $16,700, in pursuance of said plan and specifications, and certain extra work and materials, furnished at defendants' request, amounting to $116. 10. "That defendants utterly failed upon their part, and have not paid plaintiff said $16,816 aforesaid, and have neglected and refused to make the payments they were bound to make for the work performed, as aforesaid, by plaintiff under said contract; and plaintiff has ever been ready and willing to erect and complete said church building in accordance with said agreement, and has performed all the things on his part to be performed under said agreement." 11. That plaintiff had duly filed his petition, etc. 12. "That, in accordance with the laws, rules, customs, regulations and usages of the Roman Catholic church of this state and diocese, all churches organized as Roman Catholic churches, and all real estate purchased for the use of such churches, are organized, purchased and held under the direction, management and ordinances of the bishop of the diocese and state, and are required to be conveyed to such bishop, to be held by him for the use of the church, and in trust or otherwise, in accordance with the laws, rules, customs, regulat ons and usages of the church long established, for the particular church or society for which the same is purchased or built." 13. That St. John's church aforesaid is organized in accordance with the laws, rules, customs, regulations and usages of the Roman Catholic church of the state, and is within the diocese of said defendant *Henni*, and under the direction, management and ordinances of said bishop, and the title to the building erected as aforesaid, and the premises upon which it stands, should be,

according to the laws, rules, customs, regulations and usages of the Roman Catholic church, "in said defendant *Henni, bishop, etc.*" 14. That the land on which said building is erected was purchased by the defendant *Jung*, for said St. John's church, with the express agreement that he was to convey it, for said church, to defendant *Henni, bishop, etc.* 15. That said land was conveyed to *Jung*, and the title is in him, ostensibly, but of right should be in said defendant *Henni, bishop, etc.*, and plaintiff has been informed and believes that *Jung* has made a deed or deeds of conveyance of said land to said *Henni*, to hold in trust, etc., but that said conveyance has not been put upon record. Prayer, 1. That *Jung*, and all other defendants who have any interest, pretended or otherwise, in the land or building aforesaid, be required to convey the same to said defendant *Henni, bishop, etc.* 2. That plaintiff have judgment for his damages and costs. 3. That said building, and the land on which it is situate, and all the interest of the defendants, or either of them, or of St. John's church, in said property, be sold, under ch. 153, R. S., etc.

The defendants demurred to the complaint, 1. For a defect of parties defendant. 2. For misjoinder of causes of action. 3. For insufficiency of facts. From an order sustaining the demurrer, plaintiff appealed.

*Gerrit T. Thorn*, for appellant, to the point that the demurrer for insufficiency should not have been sustained, if the facts stated show plaintiff entitled to *any* relief, although they do not show him entitled to the equitable relief sought, cited *Leonard v. Rogan*, 20 Wis. 540; *More v. Ruggles*, 15 id., 275. It is enough that a good cause of action can be gathered from the complaint, however inartificially it is stated. Van Santv. Pl. 292; 13 How. Pr. 360; *Danley v. Williams*, 16 Wis. 581; *Learmonth v. Veeder*, 11 id. 138; *Jackson v. Cleveland*, 15 id. 107; *Morse v. Gilman*, 16 id. 504. 2. The defendants, by their contract, bound themselves individually. 15 Wis. 334; 9 Johns. 334; 13 id. 308; Par-

sons on Con. 117.    3. There was no misjoinder of cause of action.    R. S. ch. 125, § 29; *Phillips v. Gosham*, 17 N. Y. 270; *N. Y. Ice Co. v. Ins. Co.*, 23 id. 357; *Marquat v. Marquat*, 2 Kern. 336.

*Weymouth & Porter* and *I. W. & G. W. Bird*, for respondents, to the point that the St. John's church should have been made a party, cited R. S. ch. 66, § 8; Barbour on Parties, 130, 472; *Lawyer v. Cipperly*, 7 Paige, 281; *Bank of Utica v. Smalley*, 2 Cow. 780.
2. The complaint shows no cause of action against the agents, *Jansen, Jung* and others, but only against their principal. *Rathbon v. Budlong*, 15 Johns. 1; *Mott v. Hicks*, 1 Cow. 513; *Randall v. Van Vechten*, 19 Johns. 59; *Brockway v. Allen*, 17 Wend. 40; *Paddock v. Brown*, 6 Hill, 530; *Denny v. Manhattan Co.*, 2 Denio, 115.    3. The plaintiff was to be paid only upon monthly estimates, and the complaint does not show that such estimates were made, nor that defendants refused to pay seventy-five per cent of such estimates, if made.    4. To the point that there was a misjoinder of causes of action, counsel cited R. S. ch. 125, §§ 29, 30; *Wells v. Jewett*, 11 How. Pr. 242; *Tompkins v. White*, 8 id. 520; *Faesi v. Goetz*, 15 Wis. 231.    5. It does not appear when the last labor was performed or materials furnished, and therefore facts enough are not stated to show a right to the statutory lien. 4 How. Pr. 302, 347, 98; 12 N. Y. 433.

COLE, J.    The objection that there is a defect of parties, and that St. John's church should have been made a party to the action, is well taken.    It is alleged in the complaint, that, at the time the contract was entered into, "St. John's church" was a "regularly organized religious church or society, viz., an ecclesiastical corporation;" that the defendants *Herbert, Jansen* and others, were duly chosen under the direction of the bishop, by the said church, a "building committee to act as agents for said bishop and St. John's church, as well as for the Roman Catholic church of the diocese of the state

Charboneau vs. Henni and others.

of Wisconsin;" that they were, as such committee, "agents of said bishop and church, and were duly qualified as such committee and agents, under the customs, rules, regulations and by-laws of the Roman Catholic church, and, under the instructions" by them received, "had full power and authority, as agents," to bind "the said bishop and St. John's church." Certainly these allegations show that the defendants acted as agents in making the contract mentioned in the complaint, and that it is not their personal or individual contract. They "had full power and authority, as agents", to bind the bishop and St. John's church, which is a regularly organized religious society. Upon what ground, then, can it be said that those defendants are personally liable upon this contract, made by them as agents for the church?

It is said, however, that if we read the first paragraph of the complaint, and then omit the second, third and fourth, and commence with the fifth and read to the tenth, inclusive, a good cause of action is set forth against the defendants personally. But we do not fully appreciate the reason for rejecting those allegations which show the character in which the defendants were acting when they made the contract. If they acted as agents, and had full authority to bind their principal, and did bind it, why should they be held personally liable? Why should not the plaintiff look to the principal with which he contracted?

It may be a serious question, whether the other objections taken to the complaint are not valid. In support of the demurrer it is insisted that there is a misjoinder of causes of action, and that the complaint is defective for not alleging that the monthly estimates were made of the work done and materials furnished. The view we have taken of the first ground of demurrer renders it unnecessary to pass upon these other objections to the complaint; and we therefore pass them without any further intimation.

*By the Court.* — The order sustaining the demurrer is affirmed.