LOUIS C. HAUENSTEIN v. CHARLES F. RUH.

Submitted July 7, 1905—Decided November 13, 1905.

The defendant, as a collection agent, after informing the plaintiff that he was acting as such, received from the plaintiff the amount of a claim against the plaintiff's brother, which was in his hands for collection, and at once paid it over to his principal. *Held,* that, in the absence of any personal fraud or guaranty of the validity of the claim, the defendant was not answerable to the plaintiff for the amount so received, on proof that the claim was invalid.

On appeal from District Court.

Before Justices DIXON and SWAYZE.

For the plaintiff, *J. Emil Walscheid.*

For the defendant, *James A. Gordon.*

The opinion of the court was delivered by

DIXON, J. The facts on which the judgment of the District Court in favor of the plaintiff was based are that the defendant, who was in the collection business, had received from his son, who was in similar business on his own account, a memorandum of the amount of a claim against the plaintiff's brother, which the defendant's son said had been sent to him from a New York law office for collection; that the brother's property, being about to be sold under the Martin act, the plaintiff was present for the purpose of buying it in; that the defendant was also present, and be-

ing asked by the plaintiff if he was going to bid at the sale, answered that he was, to protect a client; that he had a claim against the brother which came from a New York law office, and if that was paid it was all he was after; that the plaintiff then said he would pay it if it was just, and the defendant said if he would pay it it would be all right: that thereupon the plaintiff gave his check for the amount to the defendant's order, and the defendant at once endorsed it over to his son, who collected the amount, and that the claim was in truth unfounded.

On these facts judgment for the amount of the check was given in favor of the plaintiff, and the defendant appeals.

We think the judgment was erroneous. There was no evidence that the defendant in any way guaranteed the validity of the claim or made any fraudulent statement regarding it. To the plaintiff's knowledge he received the check in order to pay it over to the person whom he represented, and he actually did just what the plaintiff thus by implication authorized him to do. Although he did not at the time give to the plaintiff the name of his principal or of the ultimate claimant, yet he was not asked for it, and he distinctly informed the plaintiff that he was but an agent. Under these circumstances the plaintiff's remedy, if any exists, must be pursued against the principal, who has wrongfully received his money.

The judgment of the District Court should be reversed, and unless the plaintiff applies to this court before the next term thereof for a different disposition of the cause, final judgment in favor of the defendant may be entered, with costs, pursuant to the act of April 3d, 1902 (*Pamph. L., p.* 565) regulating such appeals.