STATE VS. WISNEWSKI: WISNEWSKI, Appellant, vs. EDGAR, Respondent.

*January 28—February 18, 1908.*

*Bail: Deposit in lieu of bond: Right to make deposit: Title to deposit: Statutes: Construction.*

1. Sec. 4816, Stats. (Supp. 1906; Laws of 1901, ch. 104)—providing that the person required to give bail with sureties may, in lieu of sureties, enter into his own personal recognizance without sureties, upon depositing with the court the amount thereof in money, and, in the case of a person accused of a crime, on conviction, that the deposit shall be applied in satisfaction of so much of the judgment as is required by the payment of money, the surplus, if any, to be rendered to the person depositing the same—contemplates that the cash bail given by an accused person must be deposited by such person, and after application as directed by the statute, the surplus, if any, must be returned to the accused.

2. Sec. 4816, Stats. (Supp. 1906; Laws of 1901, ch. 104), confines the right of deposit of cash bail on the part of the accused to the accused himself, and the clause, "rendering the surplus money, if any there be, to the person depositing the same," does not imply that a person other than the accused may make the deposit.

3. Where the record in a criminal action shows that cash bail was deposited by the defendant, and that it was afterwards withdrawn and disbursed by E. on defendant's authority, before a petition was filed by a third person praying an order that E. be required to pay the amount of such cash bail into court, it was not error for the court to refuse the prayer of such petition, although it appeared that the petitioner himself furnished the money with which to make the deposit.

APPEAL from an order of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

The defendant, Nicholas Wisnewski, was arrested on the 19th day of November, 1904, on the charge of forgery and committed on failure to furnish bail. He was afterwards admitted to bail in the sum of $800, *Julius Wisnewski* furnishing $800 to be deposited as cash bail pursuant to

the provisions of sec. 4816, Stats. (1898), the money being paid direct to the clerk of the circuit court, the defendant entering into a bond in the form prescribed by statute, which bond was approved and defendant discharged from custody. He was afterwards arrested upon a second charge of forgery, bound over to the circuit court for trial, and held to bail in the sum of $500, which he failed to furnish. He was tried, convicted, and sentenced to state's prison at Waupun for two years. He served his term in Waupun, and during such term of service the action upon the first arrest remained pending and the $800 on deposit with the clerk of the court. At or about the time of the release of defendant from state's prison after serving his term, the respondent, *R. A. Edgar,* procured authority from the defendant, Nicholas Wisnewski, to represent him in obtaining the $800 deposit, and upon the application of said *Edgar* to the circuit court for Marathon county an order was made directing the clerk to pay said $800 to *Edgar* and thereupon payment was made accordingly. On the 5th day of January, 1907, petitioner, *Julius Wisnewski,* filed a petition in the circuit court for Marathon county, upon which petition and affidavits annexed the court made an order requiring the respondent, *Edgar,* to show cause why an order should not be entered making *Julius Wisnewski* a party to the proceedings, and why the order of the circuit court made on the 28th day of November, 1906, directing the clerk to pay to *Edgar* said $800 on deposit should not be vacated, and why *Edgar* should not forthwith pay to the clerk said $800, and for general relief. The respondent, *Edgar,* appeared and opposed the motion, and set up in detail his connection with the matter, and denied knowledge that the money on deposit belonged to *Julius Wisnewski.* The contention made by respondent was supported by several affidavits. The court vacated the order directing the clerk to pay said $800 to *Edgar,* denied the motion of the petitioner to require *Ed-*

*gar* to repay the clerk the $800, but "without prejudice to either party, for the reason that the court has no jurisdiction upon the showing made to order such payment," and denied the motion to make *Julius Wisnewski* a party. The petitioner excepted to that part of the order denying the motion to require *Edgar* to repay to the clerk of the circuit court the $800 and to the order of the court denying the right of *Julius Wisnewski* to be made a party, and appealed to this court from said portions of the order excepted to.

For the appellant there was a brief by *Joseph W. Coates,* attorney, and *Kreutzer, Bird & Rosenberry,* of counsel, and oral argument by *M. B. Rosenberry.*

For the respondent there were briefs by *Hurley & Jones,* and oral argument by *M. A. Hurley.*

KERWIN, J.   Several questions are discussed by counsel on both sides with much ability respecting the power of courts over attorneys, and whether it is necessary that the relation of attorney and client should exist in order to warrant the court in a summary proceeding like the one before us to order the payment of money into court wrongfully taken therefrom by an attorney of the court.   But another question is also discussed which we think is decisive of this appeal, and that is whether the money on deposit, so far at least as this proceeding is concerned, must be regarded as the money of defendant.   It appears from the showing made on the hearing below that the money put up as bail was furnished by the petitioner and deposited according to the provisions of sec. 4816, Stats. (1898), as amended (sec. 4816, Supp. 1906; Laws of 1901, ch. 104), which provides, in effect, that the person required to give bail with sureties may, in lieu of the sureties, enter into his own personal recognizance without sureties, upon depositing with the court the amount thereof in money.   This statute applies as well to a witness as to a person charged with a criminal offense.   So the statute

plainly confines the right of deposit for bail in such cases to a defendant accused or a witness required to give security for his appearance. The record shows that defendant was admitted to bail upon his own recognizance for appearance at the circuit court for Marathon county on a criminal charge, and that in lieu of sureties he deposited with the clerk of the court $800, and made and delivered a bail bond reciting that he had deposited $800 with the clerk in lieu of sureties, which was approved by the circuit judge as to form and sufficiency of bail, and the clerk indorsed upon the order admitting defendant to bail that the $800 had been deposited in court. The statute further provides that in case of forfeiture of such bond the money deposited shall be paid into the county treasury in discharge thereof, "but which in the case of a witness shall be refunded to the person depositing the same upon his appearance according to the terms of such recognizance or bond; and which in the case of a person accused of crime shall be applied by the magistrate or court before whom the accused is tried in satisfaction of so much of the judgment as is required by the payment of money, rendering the surplus money, if any there be, to the person depositing the same; and if such money is deposited with a justice of the peace or other magistrate it shall be paid over with the return of such recognizance to the clerk of the court to which he is bound to appear." We think it clear from this statute that it contemplates that cash bail given by an accused person must be deposited by such person and applied by the magistrate or court as specified in the statute, and the surplus, if any, returned to such accused as the person depositing the same. This seems to be the rule laid down in other states under statutes quite similar to our own. *State v. Owens,* 112 Iowa, 403, 84 N. W. 529; *State v. Ross,* 100 Tenn. 303, 45 S. W. 673; *Salter v. Weiner,* 6 Abb. Pr. 191; *Lyon v. Wilder,* 1 N. Y. Supp. 421; *People ex rel. Gilbert v. Laidlaw,* 102 N. Y. 588, 7 N. E. 910. It is insisted, however, by

appellant that our statute, by the use of the words "rendering the surplus money, if any there be, to the person depositing the same," implies that a person other than the accused may make the deposit. We cannot think that the statute is capable of such construction, but on the contrary confines the right of deposit as cash bail on the part of the accused to the accused himself, and plainly provides that the surplus, if any, shall be returned to the accused as the person depositing the same. We think this construction becomes more clear from a careful examination of sec. 4816, Stats. (1898), as originally enacted and as amended by ch. 104, Laws of 1901. But even if the appellant's construction of the statute were adopted we cannot see that he would be in any better position, since the record before us shows that the money was deposited by defendant, and that it was disbursed by *Edgar* by authority from defendant before the petition was filed; hence upon no theory can respondent be required to pay it into court, and therefore the proceeding cannot be maintained. The court on the hearing expunged from the record the order directing the payment of the money to respondent, manifestly for the purpose of clearing the record of any order which might in any way embarrass any future proceedings, by action or otherwise, concerning the matter, if any such should come up.

Other questions argued need not be considered. We are convinced that on the showing made the order appealed from was right and should be affirmed.

*By the Court.*—The order appealed from is affirmed.