STATE, Appellant, vs. BROWN, Respondent.

*April 24—May 14, 1912.*

*Criminal law: Bail: Deposit of money in lieu of sureties: Forfeiture:
Recovery upon return of defendant.*

1. Where the defendant in a criminal action gave his own personal
   recognizance and his surety, being unable to qualify, de-
   posited $1,000 with the clerk of the court, who accepted the
   same in lieu of bail, the transaction constituted a deposit of
   money in lieu of sureties, under sec. 4816, Stats. (Supp. 1906:
   Laws of 1901, ch. 104); and, the defendant having absconded,
   the deposit was properly forfeited and paid into the county
   treasury.
2. Money so forfeited and paid into the county treasury in compli-
   ance with law cannot be recovered upon defendant's returning
   and entering a plea of guilty more than a year after the order
   of forfeiture was made.
3. *It seems* that, had an application been made while the money re-
   mained under the control of the court, the court would have
   power to relieve from the forfeiture, although a year had
   elapsed.
4. Although the money for a deposit by a defendant under said sec.
   4816 is furnished by another person, it is considered as a de-
   posit by the defendant himself, and no judgment need be en-
   tered against the person furnishing the money.

APPEAL from an order of the circuit court for Milwaukee
county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

In June, 1909, the defendant, *Joseph Finnis Brown,* was
arrested and charged with a crime. Such proceedings were
had that he was admitted to bail upon a recognizance signed
by himself as principal and his mother, Mary Brown, as surety.
The surety, not having justified, deposited $1,000 with the
clerk of the court, who accepted the same in lieu of bail, or,
as it was claimed, in lieu of the justifying of the surety, and
thereupon the defendant was admitted to bail. The defend-
ant while upon trial before the court and in December, 1909,
absconded, and upon motion of the district attorney the court
on December 6, 1909, made an order forfeiting the bail so de-

posited, and pursuant to such order the clerk of the court on July 7, 1910, paid over the $1,000 so deposited to the treasurer of Milwaukee county. In July, 1911, the defendant returned to Milwaukee and surrendered himself to the authorities, and on October 26, 1911, withdrew his plea of not guilty and pleaded guilty and was sentenced to the state prison at Waupun. On November 4, 1911, application was made by Mary Brown, upon notice duly served upon the district attorney of Milwaukee county, for an order to reinstate the recognizance of the defendant which had been forfeited December 6, 1909, and for general relief. The application was based upon an affidavit made by Mary Brown setting forth in effect that on the 28th day of June, 1909, when the defendant was arrested, she signed the undertaking as surety, and, being unable to qualify, deposited with the clerk of the municipal court the sum of $1,000 in lieu of qualification on her part; that while the defendant was being tried he absconded and failed to appear; that thereafter the undertaking and bond were declared forfeited by the court; that in July, 1911, the defendant returned to the city and on August 15, 1911, was taken into custody; that on October 26, 1911, defendant withdrew his plea of not guilty and entered a plea of guilty and was sentenced to the state prison at Waupun, Wisconsin; that affiant is a widow and is dependent upon her own labor for support; that in order to qualify as surety on the undertaking she was obliged to mortgage her home in the sum of $1,000; that she made the affidavit as a basis for a motion that the undertaking and bond of defendant be reinstated and the moneys deposited by her be returned to her. Upon this motion, which was heard November 27, 1911, the court made the following order:

"It is ordered, that the order of this court of December 6, 1909, declaring the recognizance of the defendant forfeited, and that the one thousand dollars ($1,000) so deposited by Mary Brown as a surety be converted into the treasury of Milwaukee county, be and the same hereby is vacated, set

aside, and canceled, and the recognizance of the defendant reinstated, in force and effect as though it had never been forfeited.

"On like motion, it is further ordered, that the said sum of one thousand dollars ($1,000) so converted into the treasury of Milwaukee county be returned and delivered to the person by whom the same was deposited."

The plaintiff appealed from this order.

For the appellant there was a brief by the *Attorney General, Russell Jackson,* deputy attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, and *J. Elmer Lehr,* assistant district attorney, and oral argument by *J. E. Kiefer,* assistant district attorney.

*E. J. Henning,* for the respondent.

KERWIN, J.    It is insisted that the court had no power to make the order appealed from, because (1) it was not made at the same term nor within one year after the order forfeiting the bail was made; (2) because the application was not made by the proper party; and (3) that no jurisdiction was obtained of Milwaukee county, hence no order could have been made against it.

The fact that a year had elapsed would not bar relief from the forfeiture upon a proper showing. Had an application been made while the money remained under the control of the court, it may well be that the court would have power to relieve from the forfeiture though the year had elapsed. But no such case is made here. It appears that the order forfeiting the bail was regularly made. The defendant had absconded when the order was made and did not return until more than a year had expired after forfeiture of the bail and the money deposited had been paid into the county treasury in compliance with law. So upon no theory was the court justified in making the order appealed from.

Counsel for defendant frankly admits that if the authority to make the order appealed from rested upon sec. 2832, Stats.

(1898), it could not be lawfully made. But he insists that no judgment against the surety was ever entered; that the deposit was not made in lieu of sureties, but in lieu of qualification, hence there could be no forfeiture of the deposit and payment thereof into the county treasury as provided by sec. 4816, Stats. (Supp. 1906: Laws of 1901, ch. 104), and the order forfeiting the bail and ordering the money paid into the county treasury in accordance with the statute was void, therefore the one-year limitation does not apply. We cannot agree with counsel in this contention. The argument as well as the conclusions rest upon the assumption that there was no valid forfeiture because the money was not deposited in compliance with the statute. We think, however, that the deposit must be regarded as a deposit in lieu of sureties. The defendant gave his own personal recognizance, and because the surety which he offered could not qualify he gave no surety, and the deposit amounted to a deposit of money under the statute in lieu of sureties. This was the effect of the transaction, therefore the order forfeiting the bail and ordering the money paid into the county treasury was regular. Since the money was deposited in lieu of sureties it must abide the consequences of such deposit. *State v. Wisnewski,* 134 Wis. 497, 114 N. W. 1113. The contention of respondent that no judgment was entered against the alleged surety, Mary Brown, and therefore she is not bound by the forfeiture, and the cases cited in support of this contention, do not reach the instant case. There is no question of suretyship here. Although the money deposited was furnished by Mary Brown, the deposit was the deposit of the defendant under the statute, sec. 4816, as construed by this court in *State v. Wisnewski, supra.* The cases are wholly inapplicable to the situation here.

It follows that the court below in this proceeding had no power to make the order appealed from, and no other questions need be considered.

*By the Court.*—The order appealed from is reversed.