Blizzard, Appellant, vs. Brown, Respondent.

*January 10—January 28, 1913.*

*Justices' courts: Judgment: Collection: Subsequent reversal: Restitution: Liability of attorney: Pleading: Election between remedies: Appeal: Briefs.*

1. In an action against an attorney to recover moneys collected by him upon a justice's judgment which was afterwards reversed on appeal, a demurrer to the complaint is not such an admission of the facts alleged as will sustain a motion in the supreme court, on appeal from an order sustaining the demurrer, **to** compel him to refund the money.

2. An agent who has collected money to which his principal has no right, if he has had notice not to pay it over, is personally liable therefor to the party from whom it was wrongfully obtained, even after such payment over; and this rule applies to attorneys at law as well as to other agents.

3. Where, after collection of a judgment rendered against the defendant in justice's court, such judgment was reversed on appeal, the defendant did not, by obtaining an order for restitution under sec. 3772, Stats., against the plaintiff, waive his right to recover the money from plaintiff's attorney who, after notice not to pay it over and after the reversal of the judgment, had paid a part of the amount collected to the plaintiff.

4. The obtaining of such an order of restitution was not an election between inconsistent remedies; nor is the statutory remedy exclusive.

5. Counsel, in presenting precedents, should make first choice of those in this court.

APPEAL from an order of the circuit court for Dane county: A. H. REID, Judge. *Reversed.*

*Elmore T. Elver,* for the appellant.

*Ernest N. Warner,* for the respondent.

TIMLIN, J. The order appealed from sustained a demurrer to a complaint containing the following averments of fact:

(1) On December 9, 1910, one Mary Kelly, by the defendant, *Charles N. Brown,* her attorney, began an action against the plaintiff before a justice of the peace and at the same time garnished a debtor of the plaintiff. Judgment was recovered therein in favor of Mary Kelly and against the plaintiff for $116.32, and in the garnishment case in favor of Mary Kelly and against the garnishee defendant for $121.07. The garnishee paid this sum last-mentioned to the justice.

(2) The plaintiff in this action, defendant in that, appealed from the said judgment to the circuit court without supersedeas, and pending this appeal attorney for appellant therein and the defendant *Brown* negotiated for a settlement, and the latter stated that unless a settlement could be made

he would collect the money paid to the justice by the garnishee and pay over said money to Mary Kelly, who was insolvent. The attorney for *Blizzard* thereupon notified the defendant that if he did this he would do so at his peril, and requested him to permit the deposit to remain with the justice awaiting the outcome of the appeal. The trial of the cause was set in the appellate court for April 20, 1911. Three days before the date last mentioned the defendant *Brown* collected this money from the justice. When the case came up for trial in the appellate court on April 20, 1911, the present defendant, as attorney for Mary Kelly, consented to a nonsuit, which was accordingly granted, and thereafter and on the same day he paid over to the said Mary Kelly $86.07 of this money and retained for himself $35 thereof. On May 16, 1911, the circuit judge entered an order under sec. 3772, Stats., requiring said Mary Kelly to restore to the defendant in that action the sum of $121.07 with interest and $10 motion costs. June 12, 1911, execution was issued thereon and returned unsatisfied. The defendant *Brown* knew at all times that Mary Kelly was insolvent and in no position to restore the money collected on the garnishment judgment.

(A) Sec. 3772, *supra,* provides that if a justice's judgment, or any part thereof, be collected and the judgment be afterward reversed, the appellate court shall order the amount collected to be restored, with interest from the time of the collection; such order may be obtained upon proof of the facts, upon notice and motion, and may be enforced as a judgment.

(B) The appellant at the time of presenting his appeal from the order sustaining a demurrer to the foregoing complaint presents a motion against the defendant to compel the latter to refund to the appellant the said sum of $121.07 with motion costs and disbursements. This motion must be denied, because the defendant has not yet been adjudged guilty of the matters and things charged against him in the

complaint, even if we assume that these matters and things, if true, support the motion. An admission by demurrer is merely an hypothetical admission at this stage of the action. After a ruling against the demurrant the latter may go on and deny and disprove the averments of the pleading demurred to or the other party may fail to establish such averments.

(C) The case is not presented very thoroughly. We expect counsel in presenting precedents to make first choice of those in this court. The case of *Wright v. Eaton,* 7 Wis. 595, should not have been overlooked. There an agent for collection retained out of moneys collected from Eaton a certain sum for his fees and expenses. He gave the debtor no credit for this sum, but proceeded by levy to collect the unpaid balance. After he had remitted to his principal all the money except that retained for his fees an action was brought against him. The court said:

"The fact that the claimant obtained this money . . . as an agent, if wrongfully obtained, cannot absolve him from his liability to the person from whom it was thus wrongfully obtained, although he had paid it over to his principal."

As long ago as *Hearsey v. Pruyn,* 7 Johns. 179, 182, it was said:

"The law is, I believe, well settled that an action may be sustained against an agent, who has received money to which the principal had no right, if the agent has had notice not to pay it over; and, in some cases, the action has been sustained where no notice was given, if it appears that the money has not actually been paid over."

See, also, *Houston v. Frazier,* 8 Ala. 69; *Shepard v. Sherin,* 43 Minn. 382, 45 N. W. 718; *Garland v. Salem Bank,* 9 Mass. 408; Story, Agency (9th ed.) §§ 300, 301; Mechem, Agency, § 561 and cases cited; *Bank of U. S. v. Bank of Washington,* 6 Pet. 8; *Cabot v. Shaw,* 148 Mass. 459, 20 N. E. 99; *Hauenstein v. Ruh,* 73 N. J. Law, 98, 62 Atl. 184.

This rule is applicable here. The case is not brought within any exception to this rule. It is averred that notice was given to the defendant that he would be held responsible and that he did not deliver the money to his principal until after the justice court judgment was reversed by the nonsuit order of the circuit court.

(D) It is contended, however, that by entering an order of restitution against the principal under sec. 3772, *supra,* the plaintiff in this action elected to discharge the defendant herein and pursue only defendant's principal. The defendant in this case was not a party to the action in which the order of restitution was entered. It could not have been entered against him. He might well demand, if this order was omitted, that plaintiff should have taken that step for the due protection of the defendant. Upon payment he would be entitled to subrogation. The remedy sought in this action against the defendant is not inconsistent with the taking of such order of restitution against his principal, nor is the statutory remedy exclusive. *Harrigan v. Gilchrist,* 121 Wis. 127, 441, 99 N. W. 909. No rule of election of remedies controls, because this remedy invoked by this suit is the only remedy the plaintiff ever possessed against the defendant herein.

It follows that the order of the circuit court sustaining the defendant's demurrer must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*—It is so ordered.