JENSEN, Respondent, vs. MILLER, Appellant.

*February 22—March 14, 1916.*

*Money had and received: Payment to agent on land contract: Failure of owner to convey: Liability of agent.*

1. Defendant, as agent for the owner of a farm, contracted to sell it to plaintiff, who paid $100 down. Defendant's principal was unable to convey title, but defendant refused upon demand to repay the $100 to plaintiff and afterwards paid one half thereof to his principal and retained the remainder. *Held,* that an action against defendant to recover the $100 is not based upon the contract between plaintiff and defendant's principal, but is an action for money had and received, arising from defendant's implied agreement to return the part of the purchase price paid if the farm was not conveyed as agreed.

2. Defendant having asserted in such action that the money belonged to his principal, but on the trial having admitted that the latter had no right to it as against plaintiff, could thereafter assert only such claim as he had to the money and, having none, a judgment in favor of plaintiff was proper.

3. An agent who has money to which his principal has no right is personally liable to the party from whom it is wrongfully withheld.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Action to recover $100 paid defendant as part purchase price of a farm. Defendant acted as agent for one Hansche in the sale of the latter's farm to the plaintiff. A written contract of sale was entered into between plaintiff and Hansche which recited that $100 of the purchase price was paid. Defendant concedes that through no fault of plaintiff Hansche was unable to convey the title bargained for. After Hansche's default and while the money paid was still in the hands of defendant a demand for its repayment to plaintiff was made. Defendant refused to pay back the money, though there was no provision for its forfeiture in case sale was not made. Subsequently he paid one half thereof to Hansche and retained the remainder. Upon these facts found, and not disputed, the court entered judgment for plaintiff and the defendant appealed.

For the appellant there was a brief by *H. G. Smieding,* attorney, and *Fulton Thompson,* of counsel, and oral argument by *Mr. Smieding.*

For the respondent the cause was submitted on the brief of *Simmons & Walker.*

VINJE, J. The chief contention of defendant is that the action cannot be maintained against him because he was the agent of a disclosed principal; that this is an action upon a contract made between plaintiff and Hansche, and since in such a contract defendant did not bind himself as surety or otherwise, the action must be brought against the principal and not the agent, citing *McCurdy v. Rogers,* 21 Wis. 197; *Charboneau v. Henni,* 24 Wis. 250; *West v. Wells,* 54 Wis. 525, 11 N. W. 677; and numerous decisions from other jurisdictions. The claim is further made that if money is paid to a known agent for the use of his principal an action for money had and received cannot be maintained against the agent even though he has not turned it over to his principal, citing 2 Corp. Jur. p. 821, § 495; 1 Addison, Contracts (Morgan's ed.) sec. 87; 1 Parsons, Contracts, 79, and nu-

merous cases. The present action is one for money had and received. It is not based upon any provision contained in the contract entered into between plaintiff and Hansche. It arises from the implied agreement to return the part of the purchase price paid if conveyance is not made as agreed upon. The person in possession of the money has without consideration been enriched at the expense of plaintiff, hence the latter's right to recover it back. *Siggins v. C. & N. W. R. Co.* 153 Wis. 122, 140 N. W. 1128. The cases cited to the first claim therefore do not apply, since the action is not founded upon covenants made in a contract with the principal. As to the second claim there is a division of authorities. Practically all agree that if a color or claim of right on the part of the principal to the money is made the action cannot be maintained against the agent. It is held the principal is entitled to assert his right in an action against him, and the agent making the claim of right on the part of his principal is entitled to have the latter substituted as a party. But this is not such a case. And even if it were, under our practice permitting all parties in interest to be made parties, the action should not be dismissed as to the agent, but the principal should be made a party defendant and the case should then proceed against the two. Here the defendant on the trial admitted that his principal had no right to this money because he could not convey as agreed. Such admission, though not foreclosing the principal on the question in another action, binds the defendant in this case and limits him to assert only such claim as he may have for the money. Confessedly he has none. He says, so far as he is concerned it belongs to his principal, and then admits that the latter has no right to it as against plaintiff. Thus while he came rightfully in possession of it, he wrongfully withholds it from plaintiff as found by the trial court, because upon the facts admitted by him he should have paid the money to plaintiff when he demanded it. The case is within the principle announced in *Blizzard v.*

*Brown,* 152 Wis. 160, 139 N. W. 737, to the effect that an agent who has money to which his principal has no right is personally liable to the party from whom it is wrongfully withheld. A collection of authorities on the subject will there be found.

*By the Court.*—Judgment affirmed.