State ex rel. Glidden v. Fowler, 192 Wis. 151.

STATE EX REL. GLIDDEN, Petitioner, vs. FOWLER, Circuit Judge, and another, Respondents.

*January 11—February 8, 1927.*

*Bail: Money deposited· deemed property of defendant to satisfy claims of state: Rights of third persons: How determined.*

1. Under sec. 361.42, Stats., money deposited as bail is conclusively presumed to be the property of the defendant so far as the purpose of the deposit is concerned, and may be forfeited for nonappearance, applied to the payment of a fine, or used to satisfy other claims of the state, notwithstanding a claim of ownership thereto by a third party. p. 158.
2. Where the state's claim against money deposited as bail has been satisfied, the deposit is *prima facie* presumed to be the property of the defendant; but the claim of a third party to the fund, after satisfaction of the state's claim, may be determined in a summary proceeding or in a separate action. pp. 158, 159.

THIS IS AN ORIGINAL ACTION begun in this court by petition, praying that an alternative writ of *mandamus* issue to compel the return to the plaintiff of $1,500 deposited by him as bail. The respondents made return and the petitioner demurred to the returns. The facts appear as follows: *Kelsey Glidden,* the relator, and one Paul A. Porter were arrested and imprisoned in Columbia county in the summer of 1925, charged with passing fraudulent travelers' checks. Porter, who had available funds in Minneapolis, directed his wife to withdraw the money and bring to Portage the sum of $1,500. Mrs. Porter withdrew the money and intrusted it to Mrs. Glidden, who undertook to take it to Portage. Mrs. Glidden came to Portage, used the money as cash bail for the benefit of *Glidden* instead of Porter; *Glidden* was admitted to bail thereby while Porter remained in jail. Subsequently Porter was tried and convicted and *Glidden's* bail was forfeited. Porter was given until De-

cember, 1926, to produce *Glidden*. Through information furnished by Porter, *Glidden* was re-arrested and brought before the court, and at the December, 1926, term of the court was tried and convicted. Mrs. Glidden sought to have the $1,500 deposit returned to her; Porter petitioned that the funds be paid to him, as he was the true owner. Objection was made by attorneys for Mrs. Glidden, and the rule was discharged in circuit court on the ground that the court had no jurisdiction to determine the question of ownership except in an action. Thereupon Porter began suit in the circuit court against the clerk of the court and the Gliddens in which the relief sought was the return of the $1,500 to Porter. The action so begun is still pending. It is to restrain the further prosecution of that action and to compel the clerk of the circuit court for Columbia county to return the deposit to *Glidden* that this proceeding is brought.

*Loose & Topolinski,* attorneys, and *W. B. Rubin,* of counsel, all of Milwaukee, for the petitioner.

*Bogue & Sanderson* of Portage, attorneys, and *F. M. Wylie* of Madison, of counsel, for the respondents.

ROSENBERRY, J. The theory of the relator is that the circuit court for Columbia county has no jurisdiction to do anything but to return the money; that the court acted without and beyond its jurisdiction in impounding the money until such time as an action could be begun and prosecuted and the issues determined.

The principal question raised is: Did the circuit court for Columbia county act in excess of and beyond its jurisdiction in directing the clerk of the circuit court for Columbia county to retain in his hands the sum of $1,500 until the ownership of the fund should be established?

The provisions of the statute relating to the deposit of money as bail as far as material here are as follows:

Sec. 361.42, Stats.: "In all cases where a recognizance or bail bond with sureties is required by the court or other

magistrate, of any person for his appearance to answer any criminal charge except murder or as a witness, . . . such person may enter into his own personal recognizance or bond without sureties, upon depositing with the court the amount thereof in money, which on the forfeiture of such recognizance or bond, shall be paid into the county treasury in discharge thereof, but which in the case of a witness, shall be refunded to the person depositing the same, upon his appearance according to the terms of such recognizance or bond; and which in the case of a person accused of crime, shall be applied by the magistrate or court before whom the accused is tried, in satisfaction of so much of the judgment as is required by the payment of money, rendering the surplus money, if any there be, to the person depositing the same."

Except for the statute, money could not be accepted in lieu of sureties. The rights of parties therefore rest upon an interpretation of the statute and the application of general principles of law. Relator rests his case here very largely upon *State v. Wisnewski,* 134 Wis. 497, 114 N. W. 1113. In that case the defendant, accused of the crime of forgery, had procured $800 from a third person and deposited it as cash bail under the statute. He was convicted upon a second offense, and while he was serving his sentence at the state prison the $800 deposit in the first case remained with the clerk of the court. He authorized his attorneys to apply to the court for a release of the cash bail, and upon petition the court directed the amount of $800 to be paid to the defendant's attorneys. After payment had been made, a third party applied to the court asking that the attorney be required to repay the amount to the clerk of the court and asking leave for opportunity to establish his title thereto. In construing the statute the court said:

"We think it clear from this statute that it contemplates that cash bail given by an accused person must be deposited by such person and applied by the magistrate or court as specified in the statute, and the surplus, if any, returned to such accused as the person depositing the same. (Citing cases.) It is insisted, however, by appellant that our statute, by the

use of the words 'rendering the surplus money, if any there be, to the person depositing the same,' implies that a person other than the accused may make the deposit. We cannot think that the statute is capable of such construction, but on the contrary confines the right of deposit as cash bail on the part of the accused to the accused himself, and plainly provides that the surplus, if any, shall be returned to the accused as the person depositing the same. We think this construction becomes more clear from a careful examination of sec. 4816, Stats. 1898, as originally enacted and as amended by ch. 104, Laws of 1901."

This construction was adhered to in *State v. Brown,* 149 Wis. 572, 136 N. W. 174. There a third person had furnished the money which was deposited under the statute by the defendant. The defendant absconded, the cash bail was forfeited and paid into the county treasury. The third party made a petition to the circuit court asking that the county be directed to return the amount of the deposit to the third party, who was the owner of the fund as between the defendant and the petitioner. The court said:

"The defendant gave his own personal recognizance, and because the surety which he offered could not qualify he gave no surety, and the deposit amounted to a deposit of money under the statute in lieu of sureties. This was the effect of the transaction, therefore the order forfeiting the bail and ordering the money paid into the county treasury was regular. Since the money was deposited in lieu of sureties, it must abide the consequences of such deposit."

If *State v. Wisnewski* and *State v. Brown* be limited to the questions necessarily involved respectively, the question presented in this case is not passed upon in those cases. In the *Wisnewski Case* the money had been paid out to the defendant, who was the depositor, there had been no forfeiture, and nothing was due or owing to the public treasury on account of the deposit. All the claims of the law had been satisfied and no question was raised as to the title to the fund. In the *Brown Case* the fund had been appropriated to the

purpose of the deposit and the claims of third parties could not be set up as against the State to prevent the appropriation by the State of the fund to the purpose for which the deposit was made; that is, to procuring the attendance of the defendant, or in lieu thereof that it be forfeited and paid into the public treasury. In the present case an entirely different situation is presented. If the allegations of the return be given full effect, the relator, *Glidden,* procured the deposit of the money by fraud. The money which was drawn by order of Porter and by his wife intrusted to Mrs. Glidden was diverted from the purpose for which he designed it, to wit, to procure his own release, and devoted to a different purpose, to wit, the procurement of the release of *Glidden.* The State makes no claim to the fund. Within the time limited by the order directing forfeiture, *Glidden* was produced before the court and thereafter duly convicted. The State has no further claim upon the fund, the purpose of the deposit has been fully realized, and upon the conceded facts here Porter is the rightful owner of the fund to which the relator makes claim, the contention of the relator being that the court has no jurisdiction to ascertain and determine that fact because the statute says that the money shall be returned to the person depositing the same, which as interpreted in the *Wisnewski Case* means to the defendant. If the language used in the *Wisnewski Case* be not limited by the facts in that case the relator is entitled to the return of his money. That the court under the circumstances disclosed by the pleadings in this case would have complete jurisdiction to determine the title to the fund if it were in the possession of any other custodian there cannot be the slightest doubt, and under the decision in the *Brown Case* it is equally clear that no third person can, as against the State, set up any claim to the fund so as to prevent the State from appropriating it to the purpose of the deposit,—certainly not where the claim-ant voluntarily placed the fund in the hands of the defendant.

In the *Wisnewski Case* no claimant appeared asserting title to the fund until after it had passed out of the jurisdiction of the court and been paid to the person who appeared *prima facie* to be the owner thereof. Here the purposes of the deposit having been accomplished before the money is returned to the defendant, a third party appears claiming to be the owner of the fund and that he was deprived of the fund by the fraudulent conduct of the relator or his agent. The principal cases cited in the *Wisnewski Case* rest upon *People ex rel. Gilbert v. Laidlaw* (1886), 102 N. Y. 588, 7 N. E. 910. The *Laidlaw Case* is like the *Brown Case*. A third party was claiming that money deposited by the defendant could not be applied to the payment of a fine because it was in fact the property of the third party. The court said:

"This section authorizes the deposit to be made by the defendant and by no one else, and considering this section and other sections, we think it was the plain purpose of the statutes to require that the money thus deposited should, for the purposes of the deposit, in fact be the money of the defendant. . . . All these sections treat the money deposited as belonging to the defendant, and in all cases where money is deposited in lieu of bail it may be applied in payment of any fine imposed, and the surplus, if any, after the fine has been satisfied, must be returned to the defendant. The relator when he deposited this money must be assumed to have known the provisions of these statutes, and the deposit must have been made in compliance with them. There is no authority for the county treasurer to take a deposit in lieu of bail except by virtue of these statutes, and the deposit must be made in strict compliance with the statutes. The statutes may have been framed as they are for the very purpose of avoiding a dispute like that which has arisen in this case. If the contention of the relator be upheld, then disputes may frequently arise as to whose money was deposited, and the county treasurer can never know with certainty to whom the money is to be returned, and the court cannot know in passing sentence, or in making its order, whether the money is properly applicable upon the fine imposed. It is therefore wiser that the provisions of the statute should have their ob-

vious meaning, to wit: the money is deposited as the money of the defendant, and if a fine is inflicted upon him it may be used to pay the fine, and the surplus is to be returned to him. When any party other than the defendant makes the deposit for him, it is a deposit in compliance with the statute, and the money is thus devoted to the purposes of the statute, and to the use of the defendant. . . . So far as the relator is deprived of his money, it is by his voluntary act and implied assent."

It is to be noted that the language of sec. 361.42, Stats., is "rendering the surplus money, if any there be, to the person depositing the same." The New York statute provided:

"If money be deposited as provided in the last section, bail may be given in the same manner as if it had been originally given upon the order for admission to bail, at any time before the forfeiture of the deposit. The court or magistrate before whom the bail is taken must thereupon direct, in the order of allowance, that the money deposited be refunded by the county treasurer to the defendant; and it must be refunded accordingly."

Another section of the New York statute provided "that if money has been deposited instead of bail, and the defendant at any time before the forfeiture thereof surrender himself to the officer to whom the commitment was directed, in the manner provided in sec. 590, the court must order a return of the deposit to the defendant."

An examination of ch. 104, Laws of 1901, referred to in the *Wisnewski Case*, does not throw any light upon the matter. That act made the deposit applicable to the discharge of any fine that might be adjudged against the defendant.

The holding in *People ex rel. Gilbert v. Laidlaw* has been criticised and to some extent impaired by subsequent cases. See *People ex rel. Meyer v. Gould,* 75 App. Div. 524, 78 N. Y. Supp. 279; *In re Rothschild,* 84 App. Div. 196, 82 N. Y. Supp. 558; *Cohen v. Bruere,* 96 Misc. 609, 162 N. Y. Supp. 75; *Harrigan v. Prendergast,* 94 Misc. 151, 157 N. Y. Supp. 1086.

*State v. Owens,* 112 Iowa, 403, 84 N. W. 529, cited in
*State v. Wisnewski, supra,* has been limited if not overruled
by subsequent cases.    See *Wright & Taylor v. Dougherty,*
138 Iowa, 195, 115 N. W. 908; *Doty v. Braska,* 138 Iowa,
396, 116 N. W. 141.

The question has also arisen in other jurisdictions under
statutes similar but not identical with the Wisconsin statute.
See *Isbell v. Bay Circuit Judge,* 215 Mich. 364, 183 N. W.
721; *State v. Carey,* 151 Minn. 517, 187 N. W. 710; *Mundell v. Wells,* 181 Cal. 398, 184 Pac. 666; *Way v. Day,* 187
Mass. 476, 73 N. E. 543.

No useful purpose would be served by stating the facts,
setting out the statutes, and reviewing these decisions. Many·
if not most of them cite *People ex rel. Gilbert v. Laidlaw.*
Upon that case rests also the decision in Tennessee cited in
*State v. Wisnewski.*

The holding in the later cases is that money deposited as
bail under a statute is conclusively presumed to be the property of the defendant so far as the purpose of the deposit is
concerned.    It may therefore be forfeited in the event that
the person bailed fails to appear; if he be convicted and the
statute so provides, it may be applied to the payment of his
fine or other appropriate use may be made of it where the
statute gives the State a claim upon it.    When all of the
claims of the State have been satisfied, it then remains in the
hands of the clerk as a deposit and *prima facie* is presumed
to be the property of the defendant.    If a claim thereto be set
up by a third party, the court may proceed summarily to determine the true title to the fund in some appropriate proceeding.    We are convinced that this is sound doctrine and
*State v. Wisnewski* and *State v. Brown* are modified accordingly.    No third person will be heard to assert the title to the
fund until the purposes of the statutory deposit have been
fully accomplished.    It is a rather disconcerting idea that a
court which has ample jurisdiction to determine the title to a

fund in the hands of a depositary has no such jurisdiction merely because the depositary happens to be an officer of the court. Nor do we see any reason why the procedure indicated in *McDonald v. Allen,* 37 Wis. 108, might not be adopted in cases of this kind. Both funds are equally in the hands of an officer of the court. Whatever the proceeding in that case may be styled, it is in its nature equitable, as it more nearly resembles interpleader than anything else. Nor does such a rule incumber the administration of the criminal law. It is not until the demands of the State under the statute have been fully satisfied that the question can be raised or presented.

In this case the court impounded the fund and a separate action was begun. While the procedure suggested would be simpler, we see no reason why the present proceeding should be discontinued. It appears, therefore, that the circuit court for Columbia county was not without jurisdiction and that it did not act in excess of and beyond its jurisdiction. The procedure adopted is sanctioned in a number of cases and was no doubt pursued out of an abundance of caution, but the court has full power and jurisdiction to determine the issues whether determined in a summary proceeding or in a separate action. In reaching this conclusion we have disposed of the matter upon its merits so far as the law is concerned, and it remains for the facts to be established in ordinary course in the action pending in the circuit court for Columbia county.

*By the Court.*—Petition denied.