GENTILLI, Respondent, vs. BRENNAN and others, Appellants.

*October 15—November 11, 1930.*

For the appellants the cause was submitted on the brief of *Brennan, Lucas & McDonough,* attorneys, and *John L. Long* of counsel, all of Milwaukee.

*Thomas F. Millane* of Milwaukee, for the respondent.

WICKHEM, J.    Accepting as true the allegations of plaintiff's complaint, the defendants, with full knowledge of

the fact that plaintiff furnished $1,500 for the special purpose of cash bail, and with the understanding that this money was to be used only for this special purpose, and with knowledge that the money, in equity and good conscience, belonged to plaintiff, have retained the money, converted it to their own use, and refused on demand to pay it over to the plaintiff.

Neither an exhaustive discussion of the principles involved, nor the authorities establishing those principles, is necessary to sustain this as a complaint for money had and received. *Steuerwald v. Richter,* 158 Wis. 597, 149 N. W. 692; *State ex rel. Knox v. Hadley,* 7 Wis. *700; *Blizzard v. Brown,* 152 Wis. 160, 139 N. W. 737; *Jensen v. Miller,* 162 Wis. 546, 156 N. W. 1010.

Appellants' contention is based upon the provisions of sec. 361.42, Stats., as construed by *State v. Wisnewski,* 134 Wis. 497, 114 N. W. 1113, and *State v. Brown,* 149 Wis. 572, 136 N. W. 174. Sec. 361.42, Stats., provides:

"In all cases where a recognizance or bail bond with sureties is required by the court or other magistrate, of any person for his appearance to answer any criminal charge except murder or as a witness, . . . such person may enter into his own personal recognizance or bond without sureties, upon depositing with the court the amount thereof in money, which on the forfeiture of such recognizance or bond, shall be paid into the county treasury in discharge thereof, but which in the case of a witness, shall be refunded to the person depositing the same, upon his appearance according to the terms of such recognizance or bond; and which in the case of a person accused of crime, shall be applied by the magistrate or court before whom the accused is tried, in satisfaction of so much of the judgment as is required by the payment of money, rendering the surplus money, if any there be, to the person depositing the same."

In construing this section this court, in *State v. Wisnewski,* 134 Wis. 497, 114 N. W. 1113, said:

"We think it clear from this statute that it contemplates that cash bail given by an accused person must be deposited

by such person and applied by the magistrate or court as specified in the statute, and the surplus, if any, returned to such accused as the person depositing the same. (Citing cases.) It is insisted, however, by appellant that our statute, by the use of the words 'rendering the surplus money, if any there be, to the person depositing the same,' implies that a person other than the accused may make the deposit. We cannot think that the statute is capable of such construction, but on the contrary confines the right of deposit as cash bail on the part of the accused to the accused himself, and plainly provides that the surplus, if any, shall be returned to the accused as the person depositing the same. We think this construction becomes more clear from a careful examination of sec. 4816, Stats. 1898, as originally enacted and as amended by ch. 104, Laws of 1901."

This construction was followed in *State v. Brown,* 149 Wis. 572, 136 N. W. 174, in which case the court said:

"The defendant gave his own personal recognizance, and because the surety which he offered could not qualify he gave no surety, and the deposit amounted to a deposit of money under the statute in lieu of sureties. This was the effect of the transaction, therefore the order forfeiting the bail and ordering the money paid into the county treasury was regular. Since the money was deposited in lieu of sureties, it must abide the consequences of such deposit."

From this the appellants contend that the money deposited in this case must be treated as belonging to Opanchar and subject to his disposition, and that whatever remedies the plaintiff is entitled to, he must pursue against Opanchar upon the theory that Opanchar is his debtor. This court ruled against appellants' contention in *State ex rel. Glidden v. Fowler,* 192 Wis. 151, 212 N. W. 263, as follows:

"The holding in the later cases is that money deposited as bail under a statute is conclusively presumed to be the property of the defendant so far as the purpose of the deposit is concerned. It may therefore be forfeited in the event that the person bailed fails to appear; if he be con-

victed and the statute so provides, it may be applied to the payment of his fine or other appropriate use may be made of it where the statute gives the state a claim upon it. When all of the claims of the state have been satisfied, it then remains in the hands of the clerk as a deposit and *prima facie* is presumed to be the property of the defendant. If a claim thereto be set up by a third party, the court may proceed summarily to determine the true title to the fund in some appropriate proceeding."

The result of the three decisions construing this section is that, for all the purposes of the deposit, and until those purposes are fully satisfied, the money deposited must be treated as that of the defendants. When these purposes have been fully satisfied, the section has no further application, and furnishes no barrier to any proper proceeding to determine the true title to the fund deposited.

On February 11, 1930, seven days after the order overruling the demurrer, defendants procured an order to show cause why the court should not make and enter an order permitting the defendants to have made a part of the record in this cause, the case of State *ex rel*. Joseph Opanchar v. Charles Schallitz, Sheriff of Milwaukee County, and such parts of the record in State of Wisconsin v. Joseph Opanchar as show the manner in which Opanchar executed bonds to the clerk of the municipal court. This order is based upon an affidavit executed by one of the defendants, which indicates that the purpose sought to be accomplished by the defendants was to incorporate into the record some sort of a showing that they had made expenditures and performed services for Opanchar which would permit them, in equity and good conscience, as against Opanchar, to keep for their own purposes the money deposited for bail. These papers have not the slightest materiality in this cause. It makes no difference what the state of the accounts between Opanchar and the defendants was. The question in this cause is whether, as against the plaintiff, defendants could keep

the money, and not whether they could keep the money as against Opanchar. Furthermore, such inquiries as these papers are directed to, have no place in this case, upon the state of the record. Defendants demurred to the plaintiff's complaint, and the sole question before the court is whether the complaint upon its face stated a cause of action in favor of the plaintiff. Upon this question the papers in question could shed no light.

Upon the whole record it is considered that the appellants have subjected the respondent to unreasonable delays, both by reason of the order to show cause, heretofore referred to, which is so obviously immaterial as to be entirely frivolous, and by failure to make a return on the appeal for nearly two months after it was perfected.

*By the Court.*—Orders affirmed, with double costs to the respondent.