## MULLER v. ABRAMSON.

(Supreme Court, Appellate Term.    December 13, 1898.)

1. FRAUDULENT CONVEYANCES—EVIDENCE—SUFFICIENCY.
    The finding of the trial justice as to the intent with which an alleged fraudulent conveyance was made should not be disturbed, since Rev. St. pt. 2, c. 7, tit. 3, § 4, makes the question of fraudulent intent in such cases one of fact.

2. EVIDENCE—CONCLUSIONS—OWNERSHIP.
    A question as to "who owned" property in suit is not improper, as calling for a conclusion.

3. APPEAL—ERROR CURED—EVIDENCE.
    Error in permitting a witness to testify, in showing the value of property, as to how much was paid for it, is cured, where its value is afterwards fully shown.

4. WITNESSES—CROSS-EXAMINATION—WRONGFUL LEVY.
    In an action for the value of property wrongfully levied on and sold, it is not error, on cross-examination of the defendant officer, to ask him whether he handed over any of the proceeds of the sale, his evidence showing that he sold for considerably more than the judgment.

Appeal from municipal court, borough of Manhattan, Sixth district.
Action by Diedrich Muller against Samuel J. Abramson.    There was a judgment for plaintiff, and defendant appeals.    Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Louis Levy, for appellant.
William J. Boyhan, for respondent.

GIEGERICH, J. This action was brought to recover the value of a horse, wagon, and harness claimed to be the property of the plaintiff, and which were taken by the defendant, a city marshal, under an execution issued upon a judgment for $35.66, recovered by Francis H. Leggett and others against one Henry Tiesing. The property in question belonged to the latter until the 22d day of January, 1898, on which day, according to the plaintiff, it was transferred, together with other chattels, to one William H. Johnson, who shortly thereafter sold and delivered the same to plaintiff for a valuable consideration. The defendant insists that such transfers were fraudulent and void as against the creditors, but there was sufficient evidence from which the trial justice could infer that the chattels were sold for a valuable consideration to the plaintiff, who immediately took them into his actual possession, and so continued to hold them until they were seized by the defendant.

As the question of fraudulent intent in all cases arising under chapter .7, pt. 2, tit. 3, § 4, Rev. St., "shall be deemed a question of fact, and not of law," the trial justice's finding with respect thereto, as well as upon the bona fides of the transaction, should not be disturbed; he being in a better position to determine the weight to be given the evidence from observing the witnesses while on the stand and the manner in which they gave their testimony.

Again, the defendant insists that error is predicable upon the admission of testimony touching the ownership of the chattels in dispute, elicited in response to the following questions put to the witness Tiesing: "Who owned the horse and wagon, if you know?" and "Who owned them?" These were objected to on the ground that they called for a conclusion, and, the objection being overruled under exception, the witness answered that the plaintiff was the owner of them. A question of similar purport was put to a witness in De Wolf v. Williams, 69 N. Y. 621, and the court held "that the title to the property was ordinarily a simple fact, to which a witness having the requisite knowledge could testify directly." The principle thus enunciated was applied in the case of Laserowitsch v. Reiman, 6 N. Y. St. Rep. 246, 247, wherein Larremore, C. J., speaking for the court, held that the objection raised to the question, "To whom does that ring belong?" constituted no ground of error. As the witness possessed the requisite knowledge upon the subject, the questions and answers were therefore proper.

Another exception urged by appellant relates to the ruling of the justice in admitting testimony of the amount paid by the plaintiff for the chattels in suit, but, as the reasonable value of each of the same at the time of the alleged conversion was subsequently fully established by the opinions of experts called as witnesses, the error, if any, was obviated.

The question put to the defendant on cross-examination, whether he had handed over any part of the moneys realized on the sale of the chattels in question, was, in my opinion, proper, in view of his testimony that the same were sold at public auction for $54,—a sum, as seen, considerably in excess of the execution.

No questions, other than those above considered, have been presented for our review, and, being satisfied from a careful consideration of the evidence that the decision of the trial justice was in all respects correct, we conclude that the judgment should be affirmed, with costs. All concur.