KARRIGAN v. NINTH AVE. R. CO.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

STREET RAILROADS—PERSONAL INJURIES—OWNERSHIP OF CAR—EVIDENCE.
There being an issue whether the car injuring plaintiff was owned and operated by defendant, plaintiff is entitled to the testimony of a witness that he knows of his own knowledge that it was defendant's car; it being for defendant, claiming that witness was testifying without knowledge, to show this on his cross-examination.

Appeal from trial term, New York county.

Action by Kate Karrigan against the Ninth Avenue Railroad Company. From a judgment on a verdict directed for defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

T. D. Kenneson, for appellant.
C. F. Brown, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant. One of the issues raised by the pleadings was whether the defendant was the owner of and operating the car which caused the injury, or was legally responsible for such operation. Witnesses were examined upon the part of the plaintiff to establish the fact that the car in question belonged to the defendant, and one of such witnesses, on being asked, "Do you know of your own knowledge that this was the car of the Ninth Avenue Railroad?" answered, "Yes, sir." This question was objected to, and a motion made to strike out the answer. The objection was sustained, and the motion to strike out granted.

It seems to us that the plaintiff had a right to this evidence, and, if it was claimed upon the part of the defendant that the witness was testifying without having knowledge as to the facts as to which he had testified, this weakness of his testimony could have been shown upon cross-examination. Certain papers were offered in evidence by which it was claimed that the Ninth Avenue Railroad Company had leased its railroad to other corporations, and that they were operating the road. The only testimony tending to show that the Ninth Avenue Company did not operate the road was that of the secretary of the company, who testified that since the 20th of April, 1892, the date of the alleged lease, the Ninth Avenue Railroad Company had not operated any street cars in the city of New York. Various questions were raised as to the admissibility and validity of the lease in question, which it is not necessary here to determine. The plaintiff was deprived of material evidence upon the issue, and the evidence upon the part of the defendant was not so conclusive as that it could be said that the rejection of the evidence of the plaintiff upon the issue in question could do no harm.

We are of opinion, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.