### FINKELSTEIN v. MEENAN.

(Supreme Court, Appellate Term. March 24, 1904.)

1. DISCONTINUING ACTION—DISCRETION OF COURT.

    Where, after plaintiff has brought an action in the Municipal Court, he brings another there for the same cause of action, reducing the damages claimed to an amount preventing removal of the cause into the city court, it is in the discretion of the court to refuse leave to discontinue the first action.

Appeal from City Court of New York, Special Term.

Action by Louis Finkelstein against Daniel Meenan. From an order denying plaintiff's motion for leave to discontinue, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Herman Gettner, for appellant.
Cornelius Huth, for respondent.

SCOTT, J. It is undoubtedly the general rule that a plaintiff may discontinue on payment of costs, where no counterclaim has been interposed, and no interest of third parties has intervened. The leave to discontinue still, however, rests within the sound discretion of the court, and may properly be denied where it appears that to grant it would enable the plaintiff to gain an unfair advantage. Kruger v. Persons, 52 App. Div. 50, 64 N. Y. Supp. 841. It is quite obvious that in commencing his second action in the Municipal Court the plaintiff reduced the damages he claimed for the purpose of preventing a removal of the cause into the City Court. By thus bringing the second action and moving to discontinue the present, even at the expense of paying costs, he indicated a very positive determination to try the action in the particular court in which both actions were originally brought. Those were circumstances which justified the suspicion, which the judge below evidently entertained, that this determination rested upon the belief on the part of the plaintiff that the defendant would be at a greater disadvantage in the Municipal Court than in the City Court. We make no doubt that this belief, if entertained, was ill founded, but the plaintiff did nothing to remove the impression of unfairness which the peculiar circumstances of the case suggested. The order appealed from gives the plaintiff leave to renew, and upon such renewal he can show, if the facts warrant it, that the doubt suggested as to the good faith of his practice is unfounded. This is the proper course for him to pursue.

Order affirmed, with costs. All concur.