SYLVESTER CONNOLLY, Appellant, *v.* EMPIRE UNITED RAILWAYS CO., INC., Respondent.

(County Court, Otsego County, December, 1914.)

Discontinuance — when plaintiff entitled to discontinuance on payment of costs — action to recover damages for assault — City Court of Fulton.

> Where an action to recover damages for an alleged unwarranted assault on plaintiff by defendant's employees is brought in the City Court of Fulton and no counterclaim is pleaded or circumstances disclosed bringing the case within any of the exceptions to the general rule that a plaintiff is entitled as matter

of right to an order of discontinuance upon payment of costs,
plaintiff after two witnesses have been sworn in his behalf
should be allowed to discontinue the action upon offering to pay
the costs.

APPEAL from a judgment of the City Court of the
city of Fulton, upon a verdict of a jury, in favor of the
defendant, and against the plaintiff, appellant herein,
rendered April 23, 1913, for eight dollars and seventy-
five cents costs.

Thomas L. McKay, for appellant.

Ernest I. Edgecomb, for respondent.

ROWE, J.    The sole question in this case is whether
the trial court committed error which requires a rever-
sal of the judgment rendered for the defendant herein,
in refusing to grant the motion of the plaintiff to dis-
continue the action.

The question was clearly presented.  After two wit-
nesses were sworn for the plaintiff, his counsel stated
that the plaintiff desired to discontinue this action and
pay the costs.  The motion was denied and exception
taken.  The record then reads as follows:

" Plaintiff at this time submits to a nonsuit.  I
simply offer and the court declines to allow the offer
and the defendant's attorneys refuse to consent.  The
offer is declined and denied by the court, and the plain-
tiff given an exception.

" Plaintiff at this time offers to submit to a nonsuit
with such costs, and also desires at this time to pay the
costs incidental to the nonsuit."

The plaintiff then swore another witness, but evi-
dently did not thereby waive his right to discontinue,
for the plaintiff then rested and again moved to dis-
continue the action and offered to pay the costs.  The

records show the following proceeding: "Mr. Mc-Kay:— Plaintiff again desires to discontinue this action and pay the costs. [Motion denied. Exception.] Plaintiff also offers at this time to submit a nonsuit and to pay the costs. [Motion denied. Exception.] Plaintiff desires once more to discontinue this action and to pay the costs. [Motion denied. Exception.] Plaintiff also offers at this time to submit to a nonsuit and pay the costs. [Motion denied. Exception.]"

A tender of the costs was not necessary as the offer was made by the plaintiff to pay them at that time, if allowed to discontinue the suit.

The general rule is that a plaintiff is entitled to an order of discontinuance upon the payment of costs as a matter of right. *Matter of Butler,* 101 N. Y. 303, 307; *Winans* v. *Winans,* 124 id. 140; 3 Waite Law & Pr. (7th ed.) 365; Code Civ. Pro., §§ 3007, 3013.

No different rule prevails in the City Court of Fulton, under the city charter. Section 200, referred to by respondent, provides for a discontinuance upon the stipulation of the parties or their attorneys, but does not take away the right of the plaintiff to discontinue the action brought by him any time before a verdict is rendered.

This case does not come under any of the exceptions to the rule just above stated. It is a simple action for an alleged unwarranted assault upon the plaintiff by the defendant's employees. No counterclaim is set up; no circumstances are disclosed bringing this case within any of the exceptions noted in the following cases cited by the respondent: *Livermore* v. *Berdell,* 60 How Pr. 308; *Kruger* v. *Persons,* 52 App. Div. 50; *Finkelstein* v. *Meenan,* 43 Misc. Rep. 376.

The only circumstance urged by the defendant is that the plaintiff's case, as disclosed by his own evidence, was a weak one, so weak that it will preclude

him from recovering in another action should he bring another action based upon the same grounds.

There seems to be no such exception made to the rule in the decisions upon the subject. The plaintiff should have been allowed to discontinue the action and pay the costs.

The judgment should be reversed, with costs to the appellant.

Judgment reversed, with costs to appellant.