## HARRIGAN v. PRENDERGAST.

(Supreme Court, Appellate Term, First Department. March 20, 1916.)

1. EVIDENCE ⟨Key⟩471(26)—COMPETENCY.

In an action to secure the return of moneys deposited by plaintiff with the comptroller of the city of New York, to discharge liens against funds in the possession of the city due a certain contractor, which moneys were to be returned if the lienors failed to succeed in their liens, or if the liens expired or lapsed, testimony of an attorney for plaintiff as to the circumstances under which plaintiff originally received the money was competent as tending to prove plaintiff's ownership thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2171; Dec. Dig. ⟨Key⟩471(26); Witnesses, Cent. Dig. §§ 833–836.]

2. COURTS ⟨Key⟩189(9)—MUNICIPAL COURTS—DISCONTINUANCE.

In an action in the City Court of New York, where no counterclaim had been interposed, plaintiff was entitled to discontinue with costs at any time, where no particular circumstances warranted the denial of his application.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⟨Key⟩189(9).]

3. MUNICIPAL CORPORATIONS ⟨Key⟩376—LIENS—DISCHARGE BY DEPOSIT OF FUNDS—OWNERSHIP—STATUTE.

Under Lien Law (Consol. Laws, c. 33) § 21, subd. 4, providing that a lien may be discharged "by the contractor depositing" with the comptroller a sum of money, etc., there is merely a prima facie rebuttable presumption that money so deposited with the comptroller of the city of New York to discharge liens against funds due a contractor is that of the contractor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 911–913; Dec. Dig. ⟨Key⟩376.]

---

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from City Court of New York, Trial Term.

Action by John Harrigan against William A. Prendergast. From a judgment for defendant, plaintiff appeals. Judgment reversed, and new trial ordered.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Williams, Folsom & Strouse, of New York City (Arthur D. Fisher, of New York City, of counsel), for appellant.

Lamar Hardy, Corp. Counsel, of New York City (Terence Farley and Arthur Sweeny, both of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff brings this action for the return of $1,150 deposited by him with the predecessor of the defendant, as comptroller of the city of New York, to discharge certain liens against funds in the possession of the city due to a certain contractor, the Philip T. Brown Company, which moneys were, plaintiff alleges, "to be returned to plaintiff in the event that the lienors failed to succeed in their lien or that the lien would expire or lapse."

[1, 2] Upon the trial, plaintiff's counsel undertook to prove the ownership of the money deposited in the plaintiff by the testimony of one of plaintiff's attorneys, who tried to testify to the circumstances under which plaintiff originally received the money. Practically all this evidence was excluded. While perhaps, if admitted, it would not have been sufficient alone to establish plaintiff's ownership of the money, it was certainly competent (De Wolf v. Williams, 69 N. Y. 621; Muller v. Abramson, 25 Misc. Rep. 520, 54 N. Y. Supp. 1027; Karrigan v. Ninth Ave. R. R. Co., 44 App. Div. 116, 60 N. Y. Supp. 682); and, if supplemented, it might have sufficed. Upon the exclusion of this evidence plaintiff applied to discontinue with costs, saying, "I think we can discontinue with costs at any time." The learned judge below thereupon said, "Not in this court." In this the learned judge erred. No counterclaim had been interposed, and there appeared in the case no circumstances to warrant a denial of plaintiff's application to discontinue with costs. Matter of Butler, 101 N. Y. 307, 4 N. E. 518; Kruger v. Persons, 52 App. Div. 50, 64 N. Y. Supp. 841; Connolly v. Empire Co., 88 Misc. Rep. 118, 151 N. Y. Supp. 653.

[3] Respondent seeks to justify the verdict directed on the ground that by mere force of section 21, subd. 4, of the Lien Law, which provides that a lien may be discharged "by the *contractor depositing*" with the comptroller such sum of money, etc., it is virtually enacted as matter of law that any money deposited to discharge liens must necessarily and conclusively be deemed to be the property of the contractor. The chief case cited to sustain this view is People ex rel. Gilbert v. Laidlaw, 102 N. Y. 588, 7 N. E. 910. That case, however, related to money deposited in lieu of bail in a criminal proceeding, and assuming that it can be construed as holding that the money should be deemed conclusively the property of the defendant, the decision is based on the particular language and peculiar provisions of the sections of the Code of Criminal Procedure therein involved, together

with considerations of public policy and convenience. None of these factors appear in the case at bar.

Later cases, such as Matter of Rothchild v. Gould, 84 App. Div. 196, 82 N. Y. Supp. 558, Sutherland v. St. Lawrence County, 101 App. Div. 299, 91 N. Y. Supp. 962, either expressly decide or strongly intimate that the presumption that the money belongs to defendant is merely prima facie, and may, of course, be rebutted by appropriate and adequate evidence to the contrary. To the same effect is Finelite v. Sonberg, 75 App. Div. 455, 78 N. Y. Supp. 338, which, however, involved only an arrest in a civil action.

I do not think, therefore, that the mere fact that the statute provides that the lien may be discharged "by the contractor depositing money" raised anything but a rebuttable presumption that the money so deposited belongs to the contractor. Of course, we cannot anticipate what further proofs bearing upon that presumption may be adduced at the trial.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event, unless plaintiff elects within 10 days after entry of this order and notice thereof in this city to discontinue, in which event such leave is granted, upon payment of appropriate costs in the court below, less costs of this appeal. All concur.