MILWAUKEE STRUCTURAL STEEL COMPANY and others, Respondents, vs. BORUN and another, imp., Appellants, and others, Respondents. .

*October 5, 1916—January 16, 1917.*

*Estoppel* in pais: *Mechanics' liens: Enforcement: Equity: Parties: What matters may be adjudicated: Priority of liens over mortgage: Personal liability.*

1. If a person, in a business transaction, makes representations or assumes a position for the purpose of inducing another to act in reliance thereon, knowing or having reasonable ground to know that he will do so, and such is the result, so that in case of such person being permitted to act contrary to such representations, or to take a position inconsistent with that relied on, damage would result to such other, such person will be barred from having any benefit of such contrary action or inconsistent position to such other's loss.

2. An action to enforce a mechanic's lien, though statutory, is equitable in its nature, and all persons having or claiming to have interests germane to the primary rights involved may properly he made parties, and the whole matter adjudicated as in an ordinary equitable action.

3. In such an action the court is not confined to the precise relief asked for in the complaint, but may give such further relief as the facts established by the evidence require in order to do full

justice, including a personal judgment against all parties who became liable with the primary debtor for payment of the lien claims.

4. Where the vendors of land had taken back a purchase-money mortgage and had induced the furnishing of labor and materials for the erection of a building on the land by promising to advance the necessary money to the owner and representing that the mortgage interest would be subject to the rights of the persons furnishing such labor and materials, a judgment giving the liens of such persons priority over the mortgage was justified under the doctrine of estoppel *in pais*.

5. But in the absence of any promise by said vendors, either to the owner or to the lien claimants, to pay the indebtedness incurred in erecting the building, a personal judgment against the vendors in the lien action was not warranted.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed in part.*

The action was to enforce a mechanic's lien on property in the city of Milwaukee, Wisconsin.

Plaintiff and defendants *Hopp* and *Green* were contractors and materialmen. The proprietor was defendant Goulden. Defendant *Samuel Borun* had a $25,000 mortgage on the property claimed to represent purchase money. Defendant *David J. Borun* contracted to furnish $25,000 to be used for construction purposes and had an unrecorded mortgage for that amount on the realty. In due course, the Merchants & Manufacturers Bank became receiver. The purpose of the action, as to *Samuel Borun,* was to set aside his mortgage on the ground of fraud, so far as otherwise it would take precedence of the liens, and to make the liens take precedence of all interests of the *Boruns* and all other interests except a mortgage lien of $3,500. The lienors succeeded accordingly, and as hereafter stated. The mortgagees appealed.

Upon the argument, counsel for appellants announced that they would abide by the findings and contest only the conclusions of law, adverse to their mortgage interest. Such

findings, so far as necessary to be considered, are, in substance, as follows:

1. On, and for some time prior to, November 17, 1914, defendants *Borun* were copartners in real-estate business, the management being by *David J. Borun,* who conducted all transactions of the firm with the proprietor and plaintiff *F. W. Andree,* with the knowledge of his copartner.

2. On the day mentioned, the *Boruns* were owners of the land upon which the building was constructed, the fair market value of which, at the time particularly mentioned, was $13,000. On such day they sold the same to defendant Goulden, taking back, in the name of *Samuel Borun,* the mortgage hereafter mentioned, which was duly recorded.

3. They represented to said *Andree* that a mortgage of $3,500 on the property would be paid; that *David J. Borun* would loan $25,000 for use in constructing a building to be erected on the land; that the estimated excess of the cost, $6,000, would be paid by one of them and that the recorded mortgage of $25,000 was the source from which *David J. Borun* would obtain the money to advance for construction purposes.

4. January 6, 1915, Goulden contracted with *Andree* for the latter to prepare contracts for, and to superintend the erection of, the proposed building, his compensation to be the difference between the estimated and actual cost of the building, which was $1,313.

5. Pursuant thereto, January 14, 1915, contracts were entered into with various persons, including the particular lien claimants, who fully performed their respective agreements.

6. *Andree* and such claimants were induced to do as they did by the representations made as aforesaid.

7. Defendant *Samuel Borun* had notice of all the matters aforementioned and consented thereto, and had knowledge of the commencement of operations by tearing down an old building on the premises and making the excavation for the

new one, and of all operations thereafter until the building was completed, and acquiesced therein.

8. The plans for the building were approved by *David J. Borun* and all changes during the period of construction were directed by him.

9. The *Samuel Borun* mortgage and note are held by the defendant bank under an order of the circuit court of July 9, 1915. The interest represented by said mortgage, and all interests in the property of either of the *Boruns* or defendant Goulden, are subject to the lien claims of plaintiff and defendants *Hopp, Green,* and others, which claims take precedence of all interests therein except the mortgage lien of $3,500.

10. Defendant Goulden and defendants *Borun* should be charged with any deficiency in realizing the liens out of the property, not exceeding $31,000, with interest from June 15, 1915, at the rate of six per cent. to date of payment.

Said defendants should be adjudged to pay the lien claimants their costs and disbursements of this action, including the expense of filing the lien claims and of enforcing the judgment.

Judgment was entered accordingly.

For the appellants there were briefs by *Morris Stern,* attorney, and *A. W. Richter,* of counsel, and oral argument by *Mr. Richter.*

*Paul D. Durant,* for the respondents.

The following opinion was filed October 24, 1916:

MARSHALL, J. Counsel for all parties having announced, on the oral argument, that they would rely on the findings of fact in submitting for decision the question of whether the judgment complained of is right, we have only a very familiar principle of law to deal with, as we view the case.

The circuit judge did not expressly state, in the decision, the principle of law which was supposed to rule the case; but

it satisfactorily appears that the principle of estoppel *in pais* was supposed to govern, so far as the conclusion was reached that the lien claims should take precedence of any mortgage or other interest in the property of the *Boruns* or either of them.

What circumstances are essential to bind a person by estoppel *in pais,* regardless of what would otherwise be his rights, are too well understood to warrant any extended discussion.    The rule may be thus stated: If a person, in a business transaction, makes representations or assumes a position for the purpose of inducing another to act in reliance thereon, knowing or having reasonable ground to know that he probably will do so, and such is the result, so that in case of such person being permitted to act contrary to such representations, or to take a position inconsistent with that relied on, damage would result to such other, such person, upon equitable principles, will be barred from having any benefit of such contrary action or inconsistent position to such other's loss.

There is no principle which is more valuable, than that stated, in the administration of justice.    This court has said:

"It stays the operation of other rules which have not run their course, when to allow them to proceed further would be a greater wrong than to permanently enjoin them.    It is a rule of justice which, in its proper field, has a power of mastery over all other rules.    It is a rule by no means to be discredited, but, rather, one entitled to the distinction of being one of the greatest instrumentalities to promote the ends of justice which the equity of the law affords." *Marling v. FitzGerald,* 138 Wis. 93, 120 N. W. 388.

The situations where that principle has been applied are very numerous.    Citations of precedents would not be specially helpful.    The real question is: Do the circumstances of this case fall within the principle?    If so, it rules the matter.

The general effect of the findings of fact is that the proprietor of the property and the *Boruns,* for the purpose of inducing the lien claimants to furnish labor and material for the building, represented that the *Samuel Borun* mortgage stood for the interest in the property which would be devoted to paying therefor. That seems quite plain. That to otherwise use the proceeds of the mortgage, or treat the mortgage interest as superior to the rights of those who had relied upon such interest being used for their protection, in case they furnished such labor and material for the building, would be a damaging change of position within the principle of estoppel *in pais,* we regard as obvious and therefore will not prolong this opinion to further discuss the matter. The judgment, so far as it makes the interests in the property of the *Boruns* and those claiming under them subordinate to the lien claims, only gives judicial effect, for protection of respondents, to the representations made and position assumed by the *Boruns* which was the inducing cause of the lien claimants extending the credit to Goulden.

Counsel for appellants contend that the judgment against the *Boruns,* charging them as personally liable for the indebtedness to the lien claimants, is unwarranted because the scope of the complaint is confined to the subject of enforcing the lien claims and settling the priority between them and the mortgage interests. The scope of the complaint is thus limited; but, though the action is statutory, it is of an equitable nature. *Spruhen v. Stout,* 52 Wis. 517, 9 N. W. 277. Therefore all persons having, or claiming to have, interests germane to the primary rights involved could properly be made parties, and the entirety, including all the details, adjudicated, as in an ordinary equitable action. That justified charging all persons in the lien action with personal liability, whom the facts show became liable with the primary debtor for payment of the lien claim. *Warren Webster & Co. v. Beaumont H. Co.* 151 Wis. 1, 138 N. W. 102.

In such a case as this, the court is not confined to the precise relief asked for in the complaint but may give such further relief as the facts, established by the evidence, properly introduced, require in order to do full justice.

It is further contended that, in any event, the facts found do not justify the judgment, holding the mortgagees liable, personally, for the indebtedness to the lien claimants; and with that we are inclined to agree. It is not found that they promised to pay respondents or any other of the claimants for labor or material furnished in the construction of the building. They simply promised to furnish the necessary money to Goulden and assumed the position that the mortgage interest would be subject to the rights of the persons furnishing such labor and material. That was what they relied on, not any promise by the *Boruns* to them, directly or indirectly, to become their debtors, in any event. Such is the effect of the findings as we read them.

There was no promise to Goulden to pay his indebtedness to the lien claimants, should there be any, within the principle of *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440, and similar cases. There, obviously, was no valid promise, nor a promise at all, by the *Boruns* to answer for the default of Goulden, as regards paying the indebtedness which he might incur in constructing the building. There was no writing,—nothing to answer the calls of sub. (2), sec. 2306, Stats., and no contractual relation between the parties creating the obligation of debtor and creditor.

We must conclude that the trial court assumed that the principle of estoppel justified the personal judgment. If so, it went too far. Such principle being grounded in equity, it is limited by the reason of it. That goes no further, under the circumstances of this case, than to justify treatment of the interests of the *Boruns* in the property as subsequent to the lien claims.

The result of the foregoing is that the judgment appealed from must be reversed, as regards personal liability of the

*Boruns* for the indebtedness of Goulden to the lien claimants, and otherwise affirmed, the costs in this court to be justly apportioned accordingly, taking into account the fact that the cause might well have been brought here on the record alone.

*By the Court.*—The judgment, as to personal liability of *David* and *Samuel Borun,* is reversed and it is otherwise affirmed.    Costs in this court will be taxed in favor of appellants only for the clerk's fees, $25 attorneys' fees, and $25 for printing.

ESCHWEILER, J., took no part.

The following opinion was filed January 16, 1917:

PER CURIAM.    There was a motion submitted on behalf of respondents for a rehearing and to amend the judgment and mandate, and also a motion submitted on behalf of appellants for a rehearing, though no brief on such motion was served.    The briefs do not seem to present any question not fully considered before and covered in the opinion on file. It is considered that the result there indicated should be adhered to and the motions denied.    Such result, it is thought, is plainly to the effect, as was intended, that the judgment below as to personal liability of the *Boruns* as to the $6,000, as well as the $25,000, is reversed.    There should be no misunderstanding about that; the words, "the judgment as to personal liability of *David* and *Samuel Borun* is reversed," in connection with the logic of the opinion to the effect that there is no sound basis in the facts and law applicable thereto for any such liability, cannot be well made plainer.    In order to facilitate the final closing of controversy between the parties both motions are denied.    No costs will be allowed on either, but respondents will pay the clerk's fees.