TRATHEN, Director of Investments, Respondent, vs. LYON and others, Defendants: BLACK RIVER FALLS LUMBER & MERCANTILE ASSOCIATION, Appellant.

*March 9—April 7, 1937.*

. . ."

*D. M. Perry* of Black River Falls, for the appellant.

For the respondent there was a brief by the *Attorney General* and *J. R. Wedlake,* assistant attorney general, and oral argument by *Mr. Wedlake.*

WICKHEM, J. The questions presented upon this appeal are whether the cross complaint sufficiently alleges, (a) a contract between the mortgagor and plaintiff for the benefit of defendant materialman, by the terms of which plaintiff agreed to pay claims for material furnished and labor expended in rebuilding operations to the extent of the insurance money in its hands; or (b) an estoppel as against plaintiff to insist upon the priority of its mortgage over the lien of defendant Lumber Company arising out of representations made to the Lumber Company by plaintiff that it would pay for labor and materials required in the rebuilding operations out of insurance money in its hands. As was pointed out in *Gentilli v. Brennan,* 202 Wis. 465, 233 N. W. 98, the sole question upon demurrer is whether the facts alleged in the pleading to which the demurrer is directed are sufficient to constitute a cause of action or defense. This statement is reiterated for the reason that the briefs set forth matters of fact not contained in the pleadings, and because the trial court made and entered findings of fact and conclusions of law in disposing of the demurrer. All of these procedures are irrelevant and irregular.

Plaintiff had a pre-existing recorded mortgage on the premises, and its right to priority is clear unless it is estopped to assert it or has by contract obligated itself to pay the claim of defendant Lumber Company. The first contention of the defendant Lumber Company is that the facts are sufficient to show a contract made between plaintiff and defendant mortgagor for the benefit of defendant and other laborers and materialmen. The allegations are that plaintiff and defendant mortgagor entered into negotiations relative to rebuilding the house, and that they decided and agreed to re-

build it; that the mortgagor agreed to saw and get out lumber and building materials on the farm, but that it was understood that some lumber and materials would have to be purchased; that plaintiff promised and agreed to pay for the labor in sawing and getting out the timber and for the labor in rebuilding the house and the lumber and building materials to be purchased from the proceeds of the insurance moneys in the hands of the plaintiff.

It seems to us that it does not require a particularly liberal construction of this complaint for the court to spell out a contract between plaintiff and the mortgagor which involves a promise on the part of plaintiff to pay claims for labor and materials to the amount of insurance money in its hands. This being true, the allegations bring the case within the doctrine of *Concrete Steel Co. v. Illinois Surety Co.* 163 Wis. 41, 157 N. W. 543, and the complaint must be held to state a cause of action upon a contract for the benefit of the defendant Lumber Company. Hence, we conclude that the demurrer was improperly sustained so far as this contention is concerned.

The claim of the defendant Lumber Company that the cross complaint sufficiently alleges an estoppel by reason of representations made by plaintiff is based upon the doctrine of *Milwaukee S. S. Co. v. Borun,* 164 Wis. 502, 506, 159 N. W. 811, 162 N. W. 424. In that case, after a trial of the issues and findings of fact to the effect that a mortgagee had represented to a materialman that he would see him paid, this court held that the mortgagee was estopped to claim priority over the mechanic's lien. It is our conclusion that the facts in the complaint are insufficient upon which to base an estoppel. In the first place, the allegations concerning the negotiations and the contract between plaintiff and mortgagor are all on information and belief. There is no statement in the cross complaint as to the source of the Lumber Company's information, and nothing that in any way connects the in-

formation with any actions or representations on the part of plaintiff. There is no allegation that any representations whatever were made by plaintiff, and the most that can be made of the allegations is that in some manner information concerning the arrangements between the plaintiff and the mortgagor came to the attention of the defendant Lumber Company and was relied on by it. This falls considerably short of enough facts upon which to base an estoppel or to bring the case within the rule of the *Milwaukee S. S. Co. Case, supra,* where the rule is thus stated:

"If a person, in a business transaction, makes representations or assumes a position for the purpose of inducing another to act in reliance thereon, knowing or having reasonable ground to know that he probably will do so, and such is the result, so that in case of such person being permitted to act contrary to such representations, or to take a position inconsistent with that relied on, damage would result to such other, such person, upon equitable principles, will be barred from having any benefit of such contrary action or inconsistent position to such other's loss."

For the reasons heretofore set out, it is concluded that the demurrer to the cross complaint should have been overruled.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to overrule plaintiff's demurrer.